MARY BRAGDON *versus* THE INHABITANTS OF POLAND.

On a contract for services to be paid for "out of the store" of a third person an action may be maintained without proof of a demand of payment at such store.

ON EXCEPTIONS to the rulings of APPLETON, J.

ASSUMPSIT for services, which it was admitted had been performed.

There was evidence tending to show that the plaintiff agreed "to take her pay out of the store of Lane & Stinchfield;" and that she demanded her pay of Lane, who was then one of the selectmen of the defendant town.

The counsel for defendants maintained that the action could not be maintained without proof of a demand at the store of Lane & Stinchfield.

And the presiding Judge instructed the jury that the plaintiff could not recover "without having first demanded her pay out of the store at Lane & Stinchfield's, and been refused her pay there."

The verdict being for the defendant, the plaintiff excepted.

*H. C. Goodenow*, for plaintiff.

*W. B. Bennett*, for defendants.

The opinion of the Court was drawn up by

DAVIS, J. — It is admitted that the plaintiff performed services for the town, for which she has not been paid. It

is contended, and the jury must have found, that she agreed "to take her pay out of the store of Lane & Stinchfield," traders, in Poland. The selectmen, or overseers of the poor, who were the same persons, had authority to make such a contract, and the plaintiff was bound by it. The only question, therefore, is, whether she had done all that was necessary on her part, to give her a right of action against the town.

The jury were instructed that she could not recover, "without having first demanded her pay out of the store at Lane & Stinchfield's, and been refused her pay there."

A note payable at a particular place, need not be demanded at that place, except for the purpose of charging an indorser. In a suit upon such a note, against the maker, no such demand need be proved. It is for him to show that he had the money there ready to pay it. *Payson* v. *Whitcomb*, 15 Pick., 212. And the same rule applies to a note payable in specific articles, unless a demand is required by its terms. *Wyman* v. *Winslow*, 11 Maine, 398.

In a suit upon a note payable in goods out of the maker's own store, it would probably be a good defence that the maker had his usual stock of goods there, without showing that any were specially set apart in payment; because, in that case, the payee having the right of selection, the maker could not select for him. *Aldrich* v. *Albee*, 1 Maine, 120. If payable at the store of another, perhaps an agreement with the owner of the goods to pay the holder of the note would be sufficient.

In the case at bar, the contract was not in writing. The report shows that the plaintiff, having performed the services, demanded her pay of Thomas Lane, one of the selectmen and overseers of the poor, and also one of the firm of Lane & Stinchfield. It may be inferred, though the report does not so state, that she called for *money*, and not for *goods*. It makes no difference. The town cannot defend on the ground that there was no demand. They must show that the goods were ready for her, at the place agreed upon.

The instructions, that *she* must prove *a demand*, on Lane & Stinchfield, were erroneous. Her contract was not with them; and she had no claim upon them.

And, besides, it appears in the report that the town did not have any goods ready for the plaintiff, at the store of Lane & Stinchfield. Lane, as one of the firm, did not offer her any goods. Nor did he, as one of the town officers, offer her any order for the goods. Nor had Lane & Stinchfield received any order or authority to deliver her any goods for the town. So that, though she had demanded her pay, and was entitled to it, the town had no goods at the place of payment, and neither made, nor offered to make, any arrangements for her payment at that place.

*Exceptions sustained.*—*New trial granted.*

CUTTING, RICE, GOODENOW and KENT, JJ., concurred.